UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-02039 (UNA) |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), his two *pro se* petitions, and his "motion to dismiss warrant and charges." For the reasons explained below, the IFP application will be granted, his petitions and motion will be denied, and this matter will be dismissed without prejudice.

Petitioner is a state prisoner in the custody of the North Carolina Department of Public Safety. He sues the State of North Carolina. His first petition, ECF No. 1, is one for mandamus, in which he alleges that he has already served his full sentence arising from a criminal conviction against him in Pitt County, North Carolina, and therefore, he demands his immediate release. Petitioner's motion to dismiss warrant and charges, ECF No. 4, challenges the constitutionality of a conviction and sentence in North Carolina state court, though it is unclear if he is challenging the same proceedings as those referenced in the mandamus petition, or a different one. In the motion, petitioner maintains his actual innocence and alleges that he was improperly prosecuted under a North Carolina state statute.

First, petitioner is not entitled to mandamus relief. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner fails to address these elements, and moreover, he has not sued or raised allegations against any officer or agency of the United States. Also, he has alternative and adequate remedies, namely, federal review of his North Carolina convictions and sentences under 28 U.S.C. § 2254. Indeed, petitioner's submissions read clearly as habeas petitions, and a court must address a pleading according to its content, rather than its label, *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Second, to the extent that petitioner alleges that he has overserved his sentence, he may seek relief pursuant to 28 U.S.C. § 2241. Under that statute, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Petitioner is incarcerated in North Carolina, therefore, this court lacks jurisdiction over any § 2241 claims.

Third, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which

convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).  Here, the conviction(s) and sentence(s) challenged in the petition for mandamus, and the motion to dismiss warrant and charges, were rendered in North Carolina.  Therefore, this court also lacks jurisdiction over any such claims.

Finally, petitioner's second petition, ECF No. 3, seeks relief under the "All Writs Act," in which he seeks to vacate an "illegal sentence and conviction" arising from criminal proceedings against him in the Superior Court for the District of Columbia in 1995.  It is unclear how the All Writs Act is applicable, but again, as far as it can be understood, petitioner is challenging his Superior Court proceedings, more specifically: (1) the criminal indictment and its presentment to the jury, (2) the statute under which he was convicted of assault, (3) alleged ex parte communications by the trial judge, and (4) and the resulting execution of his sentence.  As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).  Such is the province of the District of Columbia Court of Appeals.  *See id*.

Furthermore, unlike prisoners convicted in state courts or in a federal District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").  Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110.

*See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Here, petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief as to his conviction and sentence in D.C. Superior Court.

For all of these reasons, this action will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 5, 2022                  _____ s/s_____
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge